**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILKY'S PICTURES, a Japanese corporation, | Case No.: CV13-03764 GHK (FFMx) |
| Plaintiff, | [~~PROPOSED~~] STIPULATED DISCOVERY PROTECTIVE ODER |
| vs. | |
| FC2, INC., a Nevada Corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

## NOTE: CHANGES MADE BY THE COURT

Certain information, documents, and other things discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include confidential or private information of the party from which the discovery is sought. Accordingly, Plaintiff MILKY'S PICTURES ("Milky's Pictures") and Defendant FC2, Inc. ("FC2"), hereby stipulate and jointly move this Court for a Discovery Protective Order under the following terms and conditions:

## I.    PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, "Confidential" documents, deposition testimony and information produced in this action. For purposes of this Order, documents,

1

1    deposition testimony and information that may be designated "Confidential" includes

2    (but is not limited to) all non-public materials which contain information reflecting or

3    related to: employment files; personnel records; strategies for training or response;

4    trade secrets; proprietary information; studies or analysis by outside expert or

5    investigator; proprietary technical information; financial or tax data; personal financial

6    information; personal information.

7    **II.    DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION**

8    **TESTIMONY AND INFORMATION**

9            Any party or non-party who either produces documents or information

10   (regardless of how it is generated, stored or maintained) or tangible things that qualify

11   for protection under Federal Rule of Civil Procedure 26(c)) or provides written

12   discovery responses or gives deposition testimony in this action may designate such

13   documents, responses, deposition testimony or information as "Confidential

14   Information" or "Restricted Confidential Information" in accordance with the

15   provisions of this Paragraph:

16           The parties and any non-party shall limit to whatever extent possible

17   designating information as "Confidential Information" or "Restricted Confidential

18   Information."

19           **A.    Criteria for Classification**

20           1.    "Confidential Information" or "Restricted Confidential Information." A

21   party or non-party may designate documents, tangible things, deposition testimony or

22   information as "Confidential Information" " or "Restricted Confidential Information"

23   if the party or non-party making such designation reasonably believes that the

24   documents, tangible things, deposition testimony or information contains or discloses

25   trade secrets or other confidential technical or commercial information that has not

26   been made public, ~~or~~ **and (FFM)** that qualifies for protection under Federal Rule of

27   Civil Procedure 26(c).

28   / / /

2.    For declarations, written discovery responses, productions of documents and things, and pleadings, at the time of the service or filing, whichever occurs first; and

3.    For testimony given in deposition ~~or in other pretrial or trial proceedings~~, **(FFM)** by a statement on the record before the close of the proceeding designating the deposition testimony as "Confidential Information" or "Restricted Confidential Information" made on the record or as set forth in Paragraph II(B)(4) below.

To the extent a party or non-party does not timely designate documents, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" such party or non-party may so designate documents, deposition testimony or information as provided under Paragraph II(C), below.

**B.    Manner of Designation**

The designation of documents, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" shall be made in the following manner:

1.    For documents, placing the notation "Confidential Information" or "Restricted Confidential Information" on each page of such document containing such "Confidential Information" or "Restricted Confidential Information" information;

2.    For tangible items, by placing the notation "Confidential Information" or "Restricted Confidential Information" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3.    For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential Information" or "Restricted Confidential Information" both on the face of such document and on any particular designated pages of such document; and

4.    For testimony given in deposition ~~or other pretrial or trial proceedings~~, **(FFM)** by orally designating such deposition testimony as being "Confidential Information" or "Restricted Confidential Information" on the record before the close

3

of the proceeding. Thereafter, the original and all copies of the "Confidential Information" or "Restricted Confidential Information" portions of the transcript of any such deposition testimony shall be separately bound and marked by the Court Reporter with the legend "'CONFIDENTIAL INFORMATION' or 'RESTRICTED CONFIDENTIAL INFORMATION.'" Such transcript and deposition testimony shall be disclosed and used only in accordance with the provisions of this Protective Order. At the request of Counsel for the designating party supplying the "Confidential Information" or "Restricted Confidential Information," only persons entitled under Paragraph III(A) hereinafter as to "Confidential Information" and/or Paragraph III(B) hereinafter as to "Restricted Confidential Information" shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential Information" or "Restricted Confidential Information" of such designating party is used or elicited from the deponent.

In addition to the above, counsel for any party or non-party may designate a deposition as "Confidential Information" or "Restricted Confidential Information" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed. Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony. All deposition testimony shall be treated as "Restricted Confidential Information" until the expiration of the ten (10) business day period and, if the aforesaid written list is served upon counsel, shall be treated as "Confidential Information" or "Restricted Confidential Information" as so designated.

## C.   Subsequent Designation

Failure to designate and/or mark any document, tangible thing, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, deposition testimony, or information so designated. Such designation

4

and request shall be made in writing. Once notified of the designation, the receiving party, must make reasonable efforts to assure that the document, deposition testimony or information is thereafter treated in accordance with the provisions of this Order, including making reasonable efforts to recover and return to the designating party all non-designated versions of any document, deposition testimony, or information that contains "Confidential Information" and/or "Restricted Confidential Information," and to notify all receivers of the nondesignated versions of document, deposition testimony, or information of the designation. After such designation, such documents, deposition testimony or information shall be fully subject to this Protective Order. Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order with respect to such "Confidential Information" and/or "Restricted Confidential Information" following its designation, the receiving party and counsel, shall incur no liability for disclosures made prior to notice of such designation. The designating party may request in writing, and the receiving party shall within ten (10) days of such a request provide in writing, an identification of all persons not qualified under this Protective Order who have received the "Confidential Information" or "Restricted Confidential Information" prior to the time it was so designated.

### D.    Resolution of Disputes Regarding Designation

The acceptance by a party of "Confidential Information" or "Restricted Confidential Information" shall not constitute an admission or concession or permit an inference that such "Confidential Information" or "Restricted Confidential Information" are, in fact, "Confidential Information" or "Restricted Confidential Information." However, the documents, deposition testimony or information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

/ / /

/ / /

If a receiving party, at any time, wishes to have the "Confidential Information" or "Restricted Confidential Information" designation of any particular documents, deposition testimony or information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor. Within ten (10) business days of the service of such request, counsel for the party or non-party seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the party or non-party designating the particular documents, deposition testimony or information believes it is entitled to the designation. Unless relieved by written order of the Court upon good cause shown, counsel for the party or non-party seeking confidential treatment shall confer with counsel for the party or non-party seeking de-designation within five (5) days after serving such letter. If after the conference the parties do not otherwise resolve the dispute, counsel for the party or non-party seeking confidential treatment may seek permission of the Court pursuant to either Local Rule 7-19 (Ex Parte Application) or Local Rule 37-2 (Joint Stipulation) to so designate the particular documents, tangible things, deposition testimony or information. Unless otherwise extended by consent of the parties, the designating party or non-party shall file its ex parte application or joint stipulation within 14 days of the Local Rule 37-1 meet and confer conference. The designating party or non-party shall have the burden of proving that such particular documents, deposition testimony or information are properly designated as "Confidential Information" or "Restricted Confidential Information" pursuant to Article II. If such application or motion is timely made, the parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

/ / /

/ / /

/ / /

**III.   PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED**

**A.   Disclosure of Documents, Deposition Testimony and Information Designated as "Confidential Information"**

Documents, deposition testimony or information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1.   The receiving party's outside counsel of record, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

2.   Any non-party support services including, but not limited to, outside copying services, translators or translation services, document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.   Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph III(E), below, and the employees of such experts or consultants who are assisting them, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4.   The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such information shall be submitted for filing under seal pursuant to Local Rule 79-5; and

5.   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound By Protective Order" (Exhibit A).

/ / /

7

**B.      Disclosure of Documents, Deposition Testimony and Information Designated as "Restricted Confidential Information"**

Documents, deposition testimony and information designated as "Restricted Confidential Information" may be disclosed and copies may be provided by the receiving party only to:

1.      The receiving party's outside counsel of record, and such counsel's support staff, legal assistants and clerical personnel;

2.      Non-party support services including, but not limited to, outside copying services, translators or translation services, document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.      Expert witnesses or consultants who are not parties or employees of parties, and the employees of such experts or consultants who are assisting them, retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph III(E), below, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4.      The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such information shall be submitted for filing under seal pursuant to Local Rule 79-5.

Nothing herein shall preclude the receiving party's outside counsel of record from providing advice to its clients based on "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information, without disclosing the substance of the "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information.

/ / /

/ / /

[PROPOSED] STIPULATED DISCOVERY PROTECTIVE ORDER
CASE NO.: CV13-03764-GHK (FFMX)

**C.     Undertaking Required By Party Receiving "Confidential Information" or "Restricted Confidential Information"**

Any recipient of another party's Confidential documents, deposition testimony and information subject to this Protective Order, except persons entitled to receive "Confidential Information" or "Restricted Confidential Information" documents, deposition testimony and information pursuant to Paragraphs III(A)(2) or (4) and III(B)(2) or (4), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order.  Any recipient of another party's documents, deposition testimony or information subject to this Protective Order, except persons entitled to receive "Confidential Information" or "Restricted Confidential Information" pursuant to Paragraph III(A)(1), (2) and (4) and Paragraph III(B)(1), (2) and (4), shall agree to be bound thereby by executing an agreement, in the form attached hereto, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential Information" or "Restricted Confidential Information" except as provided in this Protective Order, and will not use any "Confidential Information" or "Restricted Confidential Information" except for the purpose of this litigation. A copy of such signed agreement shall be provided by the receiving party's counsel of record to the designating party counsel of record prior to providing the recipient with any "Confidential Information" or "Restricted Confidential Information."

**D.     Additional Authorized Disclosure of Documents, Deposition Testimony or Information Designated as "Confidential Information" or "Restricted Confidential Information"**

Notwithstanding anything to the contrary in Paragraphs III(A) or III(B) above, particular documents, deposition testimony and information that have been designated as "Confidential Information" or "Restricted Confidential Information" may be disclosed and copies may be provided:

/ / /

1.     To persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition testimony, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

2.     To any other persons with the prior written consent of the party or nonparty that designated such particular document, deposition testimony and information as "Confidential Information" or "Restricted Confidential Information"; and

3.     To any other persons with the prior authorization of the Court.

### E.     Disclosure to Expert Witnesses or Consultants

Prior to disclosing or providing copies of any "Confidential Information" or "Restricted Confidential Information" to any expert witness or consultant pursuant to Paragraphs III(A) or III(B) above, the person or party making such disclosure shall first obtain the agreement of the expert witness or consultant to whom such disclosure will be made to be bound by the terms of this Protective Order as set forth in the attached form agreement. In addition, at least five (5) business days prior to making such disclosure to an expert witness or consultant, the person or party making such disclosure shall serve upon the designating party:

1.     A copy of the agreement signed by the expert witness or consultant;

2.     The identity of the expert witness or consultant;

3.     The identity of the present employer of the expert witness or consultant;

4.     A list of the general areas of expertise of the expert witness or consultant;

5.     A brief job history of the expert witness or consultant for the past three years; and

6.     A list of all present or prior relationships between the expert witness or consultant and the receiving party, its subsidiaries or its affiliates.

/ / /

/ / /

**F.     Resolution of Disputes Regarding Disclosure to Expert Witnesses or Consultants**

Any party may object to a proposed disclosure to an expert witness or consultant ("Proposed Disclosure") by sending a letter within five (5) business days after service of the signed agreement and information set forth in Paragraph III(E). Thereafter, the party seeking to make the Proposed Disclosure may serve a Local Rule 37-1 letter stating the reasons why the party believes such expert witness or consultant should receive "Confidential Information" or "Restricted Confidential Information." If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party seeking to make the Proposed Disclosure may either comply with Local Rule 7-19 (Ex Parte Application) or Local Rule 37-2 (Joint Stipulation) to seek to allow the Proposed Disclosure. The party who objects to the Proposed Disclosure shall have the burden of demonstrating that the documents, deposition testimony or information should not be disclosed. There shall be no disclosure to such expert or consultant until the Court has ruled upon the application or motion, and then only in accordance with the ruling so made. The filing and pendency of such motion shall not limit, delay or defer any disclosure of the "Confidential Information" or "Restricted Confidential Information" to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to disclose "Confidential Information" bears directly on the non-objecting party's ability to conduct such discovery.

**IV.    USE OF "CONFIDENTIAL INFORMATION" OR "RESTRICTED CONFIDENTIAL INFORMATION"**

**A.     Use of Designated Documents and Information**

1.     "Confidential Information" or "Restricted Confidential Information" shall be used by the receiving parties, their respective agents, and any other persons to whom such documents, deposition testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than: (a) the prosecution or

1   defense of this action; or (b) as otherwise compelled by lawful process (provided the

2   designating other party is given reasonable notice to object); or (c) as otherwise

3   required by law; or (d) as permitted by the Court.

4        2.     Notwithstanding the parties' designation of "Confidential Information"

5   or "Restricted Confidential Information," any Court hearing that refers to or describes

6   "Confidential Information" or "Restricted Confidential Information" may be held in

7   open court with records unsealed, provided the designating party is afforded

8   reasonable notice of the receiving party's intent to disclose such "Confidential

9   Information" or "Restricted Confidential Information" in open court, so that the

10  designating party has a reasonable opportunity to seek to maintain the confidentiality

11  of the "Confidential Information" or "Restricted Confidential Information." However,

12  any party may request that the proceedings be conducted in camera out of the presence

13  of any unqualified persons, and any transcript relating thereto be designated as

14  "Confidential Information" or "Restricted Confidential Information" and prepared in

15  accordance with the provisions of Paragraph II(B) above.

16       3.     In the event a party wishes to use any "Confidential Information" or

17  "Restricted Confidential Information" of the other party in any affidavits, briefs,

18  memoranda of law, or other papers to be filed in Court in this litigation, the party shall

19  comply with Local Rule 79-5.

20       4.     The parties shall provide each other with a list of "Confidential

21  Information" or "Restricted Confidential Information" documents, deposition

22  testimony or information to be used at trial at such time as the list of exhibits is

23  ordered by the court to be exchanged among the parties to enable the designating party

24  sufficient opportunity to seek a protective order. Any such "Confidential Information"

25  or "Restricted Confidential Information" which is designated by any party to be

26  introduced at trial may be offered into evidence in open court unless the opposing

27  party obtains an appropriate protective order from the Court before its introduction.

28  Should a party at trial determine that reference to previously unlisted "Confidential

1   Information" or "Restricted Confidential Information" is necessary for impeachment
2   or due to surprise, the provisions of Paragraph IV(A)(2) shall be applied.

3           5.      Nothing in this Protective Order shall affect the admissibility of
4   "Confidential Information" or "Restricted Confidential Information," or abridge the
5   rights of any person to seek judicial review or to pursue other appropriate judicial
6   action with respect to any ruling made by the Court concerning the issue of the status
7   of "Confidential Information" or "Restricted Confidential Information." This
8   Protective Order is without prejudice to any party seeking an Order from this Court
9   imposing further restrictions on the dissemination of "Confidential Information" or
10  "Restricted Confidential Information," or seeking to rescind, modify, alter, or amend
11  this Protective Order with respect to specific information.

12          6.      In the event any person in receipt of "Confidential Information" or
13  "Restricted Confidential Information" shall receive a written request, subpoena, or
14  Court Order seeking disclosure of another party's "Confidential Information" or
15  "Restricted Confidential Information," such person shall immediately upon receipt of
16  such request, subpoena, or Court Order, notify counsel for the designating party of the
17  request, subpoena, or Court Order, and shall provide counsel for the designating party
18  with a copy of the same, unless prohibited by law.

19          7.      A party producing any document or thing for inspection may retain the
20  original of such document or thing which is subject to this Protective Order, but the
21  receiving party, by its counsel of record, shall have the right to examine the original,
22  to be provided with a full and complete copy thereof at its expense, and to call for
23  production of the original at the trial of this action, if reasonably necessary.

24  **V.     DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION**
25  **        EXCLUDED FROM PROTECTIVE ORDER**

26          The obligations relating to any document, deposition testimony or information
27  subject to this Protective Order shall not apply to any document, deposition testimony
28  or information designated as being subject to this Protective Order which: (a) was

13

lawfully in the receiving party's possession prior to the receipt from the supplying party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party; (d) is discovered independently by the receiving party; or (e) is exempted from the provisions of this Protective Order by written consent of the party producing such "Confidential Information" or "Restricted Confidential Information."

Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing party from using or disclosing its own "Confidential Information" or "Restricted Confidential Information." Nothing in this Order shall preclude any party from showing an employee of a designating party at a deposition of that employee any "Confidential Information" or "Restricted Confidential Information" of the designating party.

## VI. RETURN OF DOCUMENTS, DEPOSITION TESTIMONY OR INFORMATION

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating party, or to destroy (and certify the destruction) should the designating party so permit, any document, deposition testimony and information subject to this Protective Order and all copies thereof. Any copy of any document, deposition testimony or information designated by the opposing party as "Confidential Information" or "Restricted Confidential Information" containing notes of outside counsel may be destroyed rather than returned. Notice of the return or destruction of any "Confidential Information" or "Restricted Confidential Information" shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or

14

consultant which contain "Confidential Information" or "Restricted Confidential Information" and litigation documents containing "Confidential Information" or "Restricted Confidential Information" which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VII.  SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential Information" or "Restricted Confidential Information" disclosed under protection of this Protective Order.

## VIII.  INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any "Confidential Information" or "Restricted Confidential Information" by a producing party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom "Confidential Information" or "Restricted Confidential Information" was inadvertently disclosed; and upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

/ / /

If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party. The receiving party or parties shall promptly return to the producing party such document or thing, including all copies of such document or thing, and portions thereof, and shall not retain any copies thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for any order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

## IX.   NO IMPLIED WAIVER OR ADMISSION

No party shall be obligated to challenge the propriety of any designation of "Confidential Information" or "Restricted Confidential Information" by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**X.     NOTICE AND SERVICE**

    For purposes of any provisions in this Protective Order requiring or permitting service of a notice, objections, requests, responses, designations or the like, service shall be accomplished either by email or by overnight delivery via a commercial delivery service to all counsel of record. When served via email, service shall be deemed complete on the date of transmission if the electronic transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be deemed complete the next business day. Service via overnight delivery shall be deemed complete upon delivery.

    **IT IS SO ORDERED.**

Dated:  January 3, 2014

                              /S/ FREDERICK F. MUMM
                              HON. FREDERICK F. MUMM
                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

 I have read the Protective Order governing the production of "Confidential Information" and "Restricted Confidential Information" in the above-captioned matter ("Order"). I understand the terms of the Order and agree to be fully bound by them, specifically, that I will not disclose any "Confidential Information" or "Restricted Confidential Information" except as provided in the Order, and will not use any "Confidential Information" or "Restricted Confidential Information" except for the purpose of this litigation. I hereby submit to the jurisdiction of the U.S. District Court, Central District of California, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Dated: _____

           By: _____